**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER MASALES, et al., | ) | CASE NO. 3:17CV1670 |
| | ) | |
| Plaintiffs, | ) | JUDGE JACK ZOUHARY |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | JONATHAN D. GREENBERG |
| OCWEN LOAN SERVICING, LLC, et al., | ) | |
| | ) | **ORDER SETTING SETTLEMENT** |
| Defendants. | ) | **CONFERENCE** |
| | ) | |
| | ) | |

A settlement conference will be held in the above-captioned case on **Tuesday, October 17, 2017, at 10:00 a.m.**, in Chambers 10B, Carl B. Stokes United States Courthouse, 801 West Superior Avenue, Cleveland, Ohio, before the Honorable Jonathan D. Greenberg, United States Magistrate Judge.  All parties and their lead counsel are ORDERED TO APPEAR at that time.

**SETTLEMENT CONFERENCE PREPARATION**

**A.    FORMAT**

**1.  ATTENDANCE OF ALL PARTIES REQUIRED.  Parties with ultimate settlement authority must be personally present.**  The conference shall be attended by all named individuals, as well as by an authorized representative of any named corporate, governmental, or other entity, together with trial counsel for each party.  When the settlement decision will be made in whole or in part by an insurer, the insurer shall send a representative in

person with full and complete authority to bind the company up to the value of the plaintiff's claim and/or defendant's claim. A governmental entity shall send a representative authorized to act on its behalf. A corporate entity shall send a representative with full and complete authority to bind the company.

**In the confidential statement referenced below, counsel shall identify the client representative(s) that will be attending and certify that the attending representative has full settlement authority up to the amount of the plaintiff's claim and/or defendant's claim. If a party fails to produce the appropriate person(s) at the conference (i.e. a representative(s) with full settlement authority), and the Court makes the determination that such failure negatively impacted the effectiveness of the conference, the Court may, in its discretion, order an award of costs and attorney fees incurred by the other parties in connection with the conference and/or other sanctions against the noncomplying party and/or counsel. The Court may also require the parties to return for a rescheduled conference with the appropriate person(s) present.**

**2. CONFIDENTIAL SETTLEMENT STATEMENT. Each party shall submit a BRIEF confidential settlement statement to the Magistrate Judge by no later than October 12, 2017.** The settlement statements shall not become a part of the file of the case, but shall be for the exclusive use of the Magistrate Judge in preparing for the settlement conference.

The settlement statements shall include the current status of any and all settlement negotiations, a summary of the parties' respective positions, and an outline of factual and damage allegations. If not already part of the Court file, copies of any critical documents, photographs, or other exhibits essential to the Court being able to grasp the party's settlement

position and/or case evaluation shall be attached to the settlement statement.  The statement should not be lengthy (**no longer than 3 pages without leave of court**), but should contain enough information to be useful to the Magistrate Judge in analyzing the factual and legal issues in the case.  The parties are encouraged to be candid in their statements.

The settlement statement shall not be filed with the clerk, but shall be emailed or faxed to the Magistrate Judge.  The email address is Greenberg_Chambers@ohnd.uscourts.gov, and the fax number is 216-357-7134.  Unless requested by all parties, copies of the settlement statement shall not be provided to the other parties in the case.

Counsel shall file a motion seeking leave of court in order to submit a settlement statement containing exhibits that are greater than fifty (50) pages in length.  The motion shall demonstrate good cause to exceed fifty (50) pages.  If leave is granted, counsel shall provide two (2) hard copies of the statement and exhibits to Chambers 10B (in addition to emailing or faxing them as set forth above) by **October 12, 2017.**  The exhibits shall be properly tabbed and formatted.

**3. PRE-SETTLEMENT CONFERENCE DEMAND AND OFFER.**  A settlement conference is more likely to be productive if, before the conference, the parties have had a written exchange of their settlement proposals.  Accordingly, by no later than **October 6, 2017**, each counsel making affirmative claims for relief ("claimant's counsel") shall submit a written itemization of damages and settlement demand to opposing counsel with a brief explanation of why such a settlement is appropriate.  By no later than **October 10, 2017,** opposing counsel shall submit a written offer to claimant's counsel with a brief explanation of why such a settlement is appropriate.

On occasion, this process will lead directly to a settlement. If settlement is not achieved, claimant's counsel shall deliver by email or fax copies of these settlement positions to Magistrate Judge Greenberg's chambers no later than **October 12, 2017**. Do not file copies of these papers with the Clerk's Office.

**4. SETTLEMENT FORMAT.** The Court will generally use a format of opening presentations by each side followed by a joint discussion and private caucusing by the Court with each side. The Court expects both the lawyers and the party representatives to be fully prepared to participate. The Court encourages all parties to keep an open mind in order to reassess their previous positions and to find creative means for resolving the dispute.

**5. STATEMENTS INADMISSIBLE.** Statements made by any party during the settlement conference are not and shall not be used in discovery and will be inadmissible at trial. Parties are encouraged to be frank and open in their discussions. The Court expects the parties to address each other with courtesy and respect.

**B.     ISSUES TO BE DISCUSSED AT SETTLEMENT CONFERENCE.**

Parties should be prepared to discuss the following at the settlement conference:

1. What are your objectives in the litigation?

2. What issues (in and outside of this lawsuit) need to be resolved? What are the strengths and weaknesses of your case?

3. Do you understand the opposing side's view of the case? What is wrong with their perception? What is right with their perception?

4. What are the points of agreement and disagreement between the parties? Factual? Legal?

5. What are the impediments to settlement?

6. What remedies are available through litigation or otherwise?

      7.      Are there possibilities for a creative resolution of the dispute?

      8.      Do you have adequate information to discuss settlement? If not, how will you obtain sufficient information to make a meaningful settlement discussion possible?

      9.      Are there outstanding liens? Do we need to include a representative of the lienholder?

      10.      What legal costs or case expenses will you incur to take the case through trial and appeal?

**C.    INVOLVEMENT OF CLIENTS**

For many clients, this will be the first time they have participated in a court supervised settlement conference. Therefore, counsel shall provide their clients with a copy of this Standing Order and shall discuss with them the points contained herein prior to the settlement conference.

IT IS SO ORDERED.

Date:   October 4, 2017                          s/ *Jonathan D. Greenberg*
                                                              JONATHAN D. GREENBERG
                                                              U.S. MAGISTRATE JUDGE